UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMANMADE,<br><br>        Plaintiff,<br><br>v.<br><br>SFMADE, et al.,<br><br>        Defendants. | Case No. 4:23-cv-02349-HSG<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 24 |

Pending before the Court is Defendant SFMade's Motion to Dismiss (Dkt. No. 24) Plaintiff Humanmade's Complaint (Dkt. No. 1).[1] Plaintiff opposes the Motion. Dkt. No. 27. The Court finds that this matter is appropriate for disposition without oral argument. *See* N.D. Civ. L.R. 7–1(b). For the reasons set forth below, the Court **DENIES** the Motion.

## I. BACKGROUND

Plaintiff Humanmade is a non-profit that developed a "hard skills" manufacturing training program called the Next Generation Manufacturing Training Program ("NGMT Program"). Complaint ¶ 7. Plaintiff developed and authored the NGMT Program between 2018 and 2021, and in 2021 applied for a copyright registration for the NGMT Program from the U.S. Copyright Office. *Id.* ¶¶ 7–8. Plaintiff alleges that the NGMT Program includes copyrighted materials, training curricula and other intellectual property developed and owned by Plaintiff. *Id.* ¶ 7

Around the time Plaintiff developed the NGMT Program, it began to collaborate with Defendant SFMade to assist underprivileged communities in the Bay Area with job training programs. *Id.* ¶ 11. Pursuant to this collaboration, Plaintiff developed the NGMT Program

---

[1] Defendant Manufacture: San Jose does not move to dismiss.

training materials and executed the job skills training while SFMade primarily provided placement services for trainees. *Id.*

In June 2021, Plaintiff, SFMade, and Goodwill Silicon Valley entered into a joint Memorandum of Understanding to implement a manufacturing training program. *Id.* ¶ 16. Soon after, Plaintiff alleges, SFMade and its affiliate, Defendant Manufacture: San Jose ("MFG:SJ") cut Plaintiff out of the project. With Plaintiff out of the picture, Defendants then reaped the rewards of Plaintiff's work developing the NGTM Program by reproducing, distributing and making derivative works of the Program. *Id.* ¶ 21. In support of this contention, Plaintiff alleges that an SFMade/MFG:SJ employee indicated that SFMade "could just take" Plaintiff's NGMT Program and do the hard skills/manufacturing training program without Plaintiff's consent or participation. *Id.* ¶ 19. Plaintiff also alleges an SFMade contractor indicated that SFMade and MFG:SJ had cut ties with Plaintiff so that SFMade could "retain the IP" of the NGMT Program. *Id.* ¶ 22.

Plaintiff further alleges that since the beginning of the collaboration, SFMade wrote other grant proposals and formed partnerships representing that Plaintiff would perform hard skills and manufacturing training without informing or involving Plaintiff. *Id.* ¶ 12. Plaintiff also alleges that SFMade falsely represented that it developed and owns the NGMT Program. *Id.* Plaintiff alleges that Defendants continue to raise funds through the unauthorized copying and use of the NGMT Program to promote its business, obtain funding, and to boost its standing in the field. *Id.* ¶ 32.

**II. LEGAL STANDARD**

A motion under Rule 12(b)(1) challenges the grounds for the Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). To establish Article III standing, a plaintiff must satisfy three elements: (1) "injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) causation—"there must be a causal connection between the injury and the conduct complained of"; and (3) redressability—"it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks, citations, and footnote omitted). "At the pleading stage, general

1  factual allegations of injury resulting from the defendant's conduct may suffice, for on
2  a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are
3  necessary to support the claim.'" *Lujan*, 504 U.S. at 561.

4        A defendant may move to dismiss a complaint for failing to state a claim upon which relief
5  can be granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the
6  complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal
7  theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To
8  survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief
9  that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is
10 facially plausible when a plaintiff pleads "factual content that allows the court to draw the
11 reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,
12 556 U.S. 662, 678 (2009).  In reviewing the plausibility of a complaint, courts "accept factual
13 allegations in the complaint as true and construe the pleadings in the light most favorable to the
14 nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.
15 2008).  Nevertheless, courts do not "accept as true allegations that are merely conclusory,
16 unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536
17 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988
18 (9th Cir. 2001)).

19 **III. ANALYSIS**

20       **A.**    **Motion To Dismiss Under Rule 12(b)(1)**

21       SFMade challenges Plaintiff's standing to bring the claim under Rule 12(b)(1), arguing
22 that Plaintiff does not own the copyright to the NGMT Program.  However, copyright ownership
23 is an element of statutory standing that can only be challenged under Rule 12(b)(6).  *See Lexmark*
24 *Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 & n.4 (2014) (the issue of
25 whether a plaintiff "has a cause of action under the [relevant] statute" "does not implicate subject-
26 matter jurisdiction, *i.e.*, the court's statutory or constitutional power to adjudicate the case" under
27 Article III); *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1001 (9th Cir. 2015)
28 ("whether [plaintiff] has a statutory right to sue for infringement under the Copyright Act . . . is

United States District Court
Northern District of California

1   properly addressed in a motion under Rule 12(b)(6)" and "whether [plaintiff] has satisfied the

2   requirements of Article III . . . is properly addressed in a motion under Rule 12(b)(1)).").[2]

3   Accordingly, the Court rejects SFMade's arguments under Rule 12(b)(1).[3]

**B.     Motion To Dismiss Under Rule 12(b)(6)**

SFMade also argues that Plaintiff fails to state a claim because it does not own the copyright to the NGMT Program.  SFMade's Rule 12(b)(6) motion wholly relies on two documents not filed with the Complaint that purportedly establish that the NGMT Program was created as a "work for hire" with rights assigned to the City and County of San Francisco.  The first document is SFMade's application for funding from the Office of Economic and Workforce Development of the City and County of San Francisco ("OEWD Application").  The second document is the Master Consulting Agreement ("Grant Agreement") that specified Plaintiff and SFMade's relationship.  SFMade argues that Plaintiff incorporated these documents into the Complaint by reference as the copyright claims "necessarily depend" on the documents. Specifically, SFMade contends that the OEWD Application and Grant Agreement outlined the relationship between the parties in creating the NGMT Program, which included "hard skills" manufacturing training classes and authorized the development of curriculum for "hard skills" manufacturing training classes.  SFMade argues that this joint manufacturing training program led to Plaintiff's implementation of the NGMT Program, which included these "hard skills" manufacturing training classes as indicated in the OEWD Application.

A document is "incorporated by reference" only "if the plaintiff refers extensively to the

---

[2] SFMade's citations to *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136 (9th Cir. 2003), on this point are superseded given the recent controlling decisions in *Lexmark* and *Minden*.  *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (explaining that prior circuit precedent does not control when intervening Supreme Court authority "undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable"), *overruled on other grounds by Sanchez v Mayorkas*, 593 U.S. 409 (2021).  The holdings of *Lexmark* and *Minden* directly refute *Warren*'s characterization of copyright ownership as a standing issue subject to challenge under Rule 12(b)(1).

[3] Although SFMade only addresses Article III standing in its reply, the Complaint sufficiently establishes standing.  Plaintiff alleges copyright ownership (Complaint ¶¶ 7–8; Dkt. 9-1), infringement of the copyrighted NGMT Program materials by SFMade (Complaint ¶¶ 12–38), and damages resulting from SFMade's infringement (*id.* ¶¶ 39–43).

document" in the complaint, or if "the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). As SFMade admits, the Complaint does not explicitly mention either document. *See* Dkt. No. 24 at 10. Moreover, the relationship between Plaintiff and SFMade established in these documents does not form the "basis" of the copyright infringement claim. The elements of a claim for copyright infringement are that (1) the claimant is the owner of a valid copyright; and (2) the accused infringer copied original expression from the copyrighted work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Range Road Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1153-54 (9th Cir. 2012). As to the first element, Plaintiff does not rely on these two documents to establish that it owns the copyright. As to the second element, the key question—whether SFMade reproduced, distributed, or made derivative works of the NGMT Program—exists independent of any agreement between the parties, including the documents referenced.[4] *Aledlah v. S-L Distribution Co., LLC*, 2020 WL 2927980, at *3 (N.D. Cal. June 3, 2020) (declining to incorporate by reference agreements in employee misclassification case, reasoning that "the key question in this case—whether Plaintiff is an 'employee'—does not turn on the terms of an agreement between the parties because Plaintiff's statutory claims based on a misclassification theory exist independent of any agreement.") Although these documents could relate to an affirmative defense to the copyright claim, they do not "form the basis" of Plaintiff's claims and therefore cannot be incorporated by reference. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002–03 (9th Cir. 2018) (if a document "merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims.") Accordingly, the Court does not consider these documents in deciding this motion.[5]

---

[4] In fact, it is not clear that either document is even relevant to the case based on the four corners of the Complaint. The specific infringement allegations included in the Complaint bear no apparent relation to the City and County of San Francisco. *See* Complaint ¶¶ 13–17. Further, the Grant Agreement expired on March 31, 2020, and the only relevant infringement occurred from 2021 through the present. *See* Dkt. No. 24-3 at 6; Complaint ¶¶ 14–32.

[5] Contrary to SFMade's contentions, it is not clear that *Warren* considered evidence similar to that it proffers in this case under Rule 12(b)(6) through the doctrine of incorporation by reference. In a

Although SFMade does not appear to challenge the adequacy of the pleadings outside of arguments grounded in extrinsic evidence, the Court finds that Plaintiff has stated a claim. Plaintiff sufficiently alleges that it owns the copyright to the NGMT Program: "Humanmade developed and authored the NGMT Program over several years between 2018 and 2021," and it "has never been owned by SFMade or anyone other than Humanmade." Complaint ¶¶ 7, 11. Plaintiff also attaches the U.S. Copyright Office's Certificate of Registration for the NGMT Program, which lists Plaintiff as the sole author and copyright claimant. Complaint, ¶¶ 7–8; Dkt. 9-1.[6] This certificate alone constitutes prima facie evidence of copyright ownership. *See* 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration . . . shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.") Plaintiff also provides plausible allegations to meet the elements of infringement. *See* Complaint ¶¶ 16–32. This is sufficient to state a claim.

**IV. CONCLUSION**

SFMade's motion to dismiss is **DENIED**. A case management conference is set for March 12, 2024 at 2:00 P.M., with a joint case management statement due by March 5, 2024. All attorneys and pro se litigants appearing for a telephonic case management conference are required to dial-in at least 15 minutes before the hearing to check-in with the CRD. All counsel shall use the following dial-in information to access the call:

Dial-In: 888-808-6929;

---

footnote discussing the relevant extrinsic evidence, *Warren* referred to the doctrine of incorporation by reference, but ultimately appeared to consider the evidence only under Rule 12(b)(1). *See* 328 F.3d at 1141 n.5 ("Consideration of the extrinsic evidence is necessary to decide whether Warren is a legal or beneficial owner of the copyrights, and whether he accordingly has standing to sue for infringement. As discussed supra, where the jurisdictional question of standing is intertwined with the merits of the case, consideration of extrinsic material does not contravene the principle that the truth of the allegations in a complaint must be assumed.") As explained earlier, consideration of extrinsic evidence under Rule 12(b)(1) is not applicable here. And in any event, *Warren* came well before the Ninth Circuit clarified the doctrine of incorporation by reference in *Khoja*. The Court cannot square SFMade's arguments with the framework set out in *Khoja*.

[6] The Court takes judicial notice of the Certification of Registration as filed because it is a matter of public record. *See Fisher v. Nissel*, 2022 WL 16961479, at *4 (C.D. Cal. Aug. 15, 2022).

1   Passcode: 6064255

2   For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where
3   at all possible, parties shall use landlines.

5   **IT IS SO ORDERED.**

7   Dated: 2/14/2024

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge