UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HUMANMADE, a California nonprofit corporation,<br><br>     Plaintiff,<br><br>vs.<br><br>SFMADE, a California nonprofit corporation; and MANUFACTURE : SAN JOSE, a California nonprofit corporation.<br><br>     Defendants. | Case Number: 4:23-cv-02349-HSG<br><br>**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

**1. PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2. COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3. LIAISON**

The parties will identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer

about ESI and to help resolve disputes without court intervention.

4. **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

   a) Only ESI created or received on or after January 1, 2018, will be preserved;
   b) The parties agree that ESI, including e-mail and any other forms of electronic messaging regularly used in the ordinary course of business (*e.g.*, Slack, Zoom, etc.), should be preserved. The parties agree to preserve ESI for custodians to include all current and former directors, officers, employees, contractors, and board members identified in their respective disclosures, and upon request from the opposing party, to identify specific custodians by name (including additional custodians, if applicable), relating to job functions and/or topics for which discovery has been requested (*e.g.*, "finance," "marketing," etc.). The parties shall add or remove custodians as reasonably necessary;
   c) The parties agree that, absent a showing of good cause, the number of ESI custodians per party shall be limited to no more than twelve;
   d) The parties agree that these data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced: electronic systems no longer in use, or that can no longer be accessed; voicemail; video and audio files from video and audio conferencing services; texts and other messaging services on mobile devices; e-mail on mobile devices, provided that any such e-mail used for business purposes is saved and/or accessible elsewhere; social media; data that are substantially duplicative of data that are more accessible elsewhere, such as backup data.

5. **SEARCH**

The parties agree that in responding to an Fed. R. Civ. P. 33 or 34 request, the parties shall search all appropriate non-custodial and custodial data sources.  The parties agree that they may elect to use search terms to search custodial sources of e-mail and any other electronic messaging data.  If a producing party elects to use search terms for such custodial sources, the producing party must promptly notify the requesting party and propose a list of search terms, on a custodian-by-custodian basis, that the producing party intends to use to conduct the search.  Upon such notice, the requesting party shall have three (3) business days in which to propose alternative and/or additional search terms, with additional terms limited to

no more than ten (10) per custodian, absent a showing of good cause.  Thereafter, the parties shall promptly confer and agree upon a final set of search terms for each custodian.

**6. PRODUCTION FORMATS**

The parties agree to produce documents in TIFF format, with native versions of all Excel files (or similar) and audio/video files. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

**7. DOCUMENTS PROTECTED FROM DISCOVERY**

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) The parties agree that documents withheld from production on the basis of a claim of attorney-client privilege and/or work product protection should be logged on a privilege log on a document-by-document (not family level) basis (which shall be provided in both PDF and Excel format).  The parties agree that for any produced documents containing redactions on the basis of a claim of attorney-client privilege and/or work product protection, the basis for such redactions may be provided directly on the produced TIFF image, in produced metadata, and/or on a privilege log.

c) The parties agree that if information subject to a claim of attorney-client privilege, work product protection (or any other privilege) is inadvertently or unintentionally produced, such production shall in no way constitute a waiver as to any such privilege.  If a producing party unintentionally or inadvertently discloses information that it believes is privileged or otherwise immune from discovery, the producing party shall, within ten (10) business days upon discovery of the disclosure, so advise the receiving party in writing, request that the information be returned or destroyed, and produce a privilege log detailing the bases for each item. Thereafter, the receiving party shall not use, and shall immediately cease any prior use of, the identified information, and shall immediately (and not later than ten (10) calendar days after receipt of the request) destroy the information or return it to the producing party, and provide written confirmation to the producing party of such destruction or return.  Thereafter, the receiving party may make no use of the information identified as privileged or protected during any aspect of this matter or any other matter, including in depositions or at trial, unless the materials are later designated by a court or competent jurisdiction as not privileged or protected.  The

receiving party may file a motion to compel the production of information identified by the producing party as privileged or protected on the basis that (a) the information is not privileged or protected from disclosure, (b) any applicable privilege or immunity has been waived by some act other than the inadvertent production of the information in this matter, or any other proper basis. Any such motion shall not publicly disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the privilege log) in any way. Pending resolution of the motion, the receiving party may not use the contested information in any way.

d) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log.

## 8. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: April 11, 2024        */s/ Jonathan Swisher*

                                      Counsel for Plaintiff

Dated:                             */s/ Haley Heath/*

                                      Counsel for Defendants

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated:  5/17/2024         _Haywood S. Gilliam Jr._

                           HONORABLE HAYWOOD S. GILLIAM, JR.

                           UNITED STATES DISTRICT JUDGE

4